**BING YANG LIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, the United States Department of Justice, Michael Chertoff,[2] Secretary of the Department of Homeland Security, the Department of Homeland Security, Respondents.**

**No. 04–4219–AG.**

United States Court of Appeals, Second Circuit.

March 30, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department

Douglas B. Payne, New York, New York, for Petitioner.

Susan W. Brooks, United States Attorney for the Southern District of Indiana, Shelese Woods, Assistant United States Attorney, Indianapolis, Indiana, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Bing Yang Liu, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). The IJ denied Liu's claim in part, on the basis that he had suffered neither past persecution nor established a well-founded fear of future persecution. "Persecution" has been defined as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216

of Homeland Security Michael Chertoff is automatically substituted for former Secretary

Thomas Ridge as the respondent in this case.

**102**

(BIA 1985), *overruled on other grounds by INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). In assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences. *Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005). Liu claimed that he was prevented from registering his marriage and his daughter, that he was told by a friend that government officials were looking for him, and that his father was issued a fine notice and verbal warning that Liu could be arrested. Even cumulatively, these threats simply do not rise to the level of persecution.

■ A well-founded fear of future persecution can be established by showing there is a reasonable possibility of persecution. *Cardoza–Fonseca,* 480 U.S. at 440, 107 S.Ct. 1207. Although Liu received a fine notice for 30,000 RMB, he never claimed that this fine would pose a threat to his life or freedom. *See Guan Shan Liao v. United States Dep't of Justice,* 293 F.3d 61, 69–70 (2d Cir.2002). Furthermore, while Liu claimed to have received, second hand, verbal threats of arrest, he failed to explain why, even though he is now 26 and of legal marriage age, he would still be wanted by authorities. Indeed, when asked why he sought asylum, Liu stated merely, "Because I think United States respecting the human right and I have more freedom." Therefore, Liu has not carried his burden of showing that there is a reasonable possibility that he would be subject to persecution upon return to China. *See Cardoza–Fonseca,* 480 U.S. at 440, 107 S.Ct. 1207. Having failed to meet the lower burden for the objective likelihood of harm needed for asylum eligibility, Liu has also failed to meet the higher standard for withholding of removal, that it is more likely than not he will be persecuted in China.

Because Liu did not argue his CAT claim in his petition for review, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).